IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAN LEE GREGORY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 20-cv-350-NJR ) |
| WARDEN USP MARION, | ) ) ) |
| Respondent. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Bryan Lee Gregory, an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at the United States Penitentiary – Marion, Illinois ("USP – Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his conviction in *United States v. Gregory*, Case No. 17-cr-3044-SRB.

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

## Background

On October 5, 2018, Gregory pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (*United States v. Gregory*, Case No. 17-cr-3044-SRB "Criminal Case", Docs. 73, 76). On October 22, 2018, the plea was accepted (Criminal Case, Doc. 78). On March 6, 2019, Gregory was sentenced to a term of 120 months' imprisonment to be followed by a 3 year term of supervised release (Criminal Case, Docs. 96, 97).

On March 18, 2019, Gregory filed a notice of appeal to the Eighth Circuit Court of Appeals (Criminal Case, Doc. 98). Gregory sought to represent himself and received his former counsel's trial case file (Doc. 1, p. 2). Gregory argued on appeal that his counsel was ineffective, his plea was involuntary, and the district court erred in refusing to allow him to withdraw his plea and in imposing guideline enhancements. *United States v. Gregory*, 788 F. App'x. 1038 (8th Cir. Dec. 26, 2019). The Eighth Circuit found that Gregory knowingly entered into his plea and the district court did not err in refusing to allow him to withdraw his plea. *Id.* at. 1038. It also found that the district court did not err in applying the enhancements. *Id*. at 1038-39. The Eighth Circuit declined to take up Gregory's claims regarding ineffective assistance of counsel, noting that the claim was best litigated on collateral proceedings. *Id.* at 1038.

Gregory notes that after receiving the Eighth Circuit's opinion, he was placed in the prison's Special Housing Unit ("SHU") (Doc. 1, p. 2). On either January 22 or 23, 2020, a correctional officer threw away all of his personal property and legal materials, including his trial file and handwritten notes of legal research and attorney-client visits (*Id*. at p. 3). As a result of the destruction of his legal materials, Gregory alleges that he was unable to timely file an appeal to the United States Supreme Court. He also did not file a motion under 28 U.S.C. § 2255 (*Id*.). Instead, he filed the current Petition in this Court.

## **The Petition**

Gregory argues that the officer who destroyed his legal materials denied him access to the courts. Because his trial file was destroyed, Gregory alleges that he could not further appeal his claims to the Supreme Court. He also argues that he could not successfully file a Section 2255 motion for ineffective assistance of counsel because he no longer has any of the evidentiary materials that could be used to prove his claim. He argues that this violated his right to access to

the courts under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments (Doc. 1, pp. 4-7). He asks that the Court vacate his conviction and return it for a new trial (*Id*. at p. 7).

## Analysis

Under limited circumstances, a prisoner may challenge his federal conviction or sentence pursuant to 28 U.S.C. § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Following *Davenport*, a petitioner must satisfy three conditions in order to trigger the savings clause: (1) he must demonstrate that he relies on a new statutory interpretation case and not a constitutional case; (2) he must demonstrate that he relies on a decision that he could not have invoked in his first § 2255 motion and that case must apply retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Gregory fails to meet any criteria for Section 2255's savings clause. His Petition fails to raise any new statutory interpretation case that applies to his case, much less one that is retroactively applied. Instead, Gregory raises various constitutional claims related to his access to the courts. Further, Gregory has not shown that Section 2255 is "inadequate or ineffective to test the legality of his detention". 28 U.S.C. § 2255(e). Section 2255 is only inadequate "when a structural problem in [Section] 2255 forecloses even one round of effective collateral review."

3

*Taylor v. Gilkey*, 314 F.3d 832, 837 (7th Cir. 2002). Gregory says he was prevented from raising an ineffective assistance of counsel claim because the officer threw his documents away, but that does not raise a structural problem with Section 2255. Gregory could have raised his ineffective assistance of counsel claim in a Section 2255 motion, and may still have time to do so. In fact, such claims are most often raised by a Section 2255 motion. *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014) ("[W]e have said many times that it is imprudent to present an ineffective-assistance argument on direct appeal" and it is "always safe to reserve the issue for collateral review."). Because Gregory fails to demonstrate that some aspect of the Section 2255 procedure has prevented him from raising his ineffective assistance of counsel claim under Section 2255, he fails to meet the requirements of bringing the claim under Section 2241.

### Disposition

For these reasons, the Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. However, this dismissal shall not preclude Gregory from raising his claims in an action brought pursuant to 28 U.S.C. § 2255 or in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Gregory wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Gregory plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Gregory does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d

724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal. It is not necessary for Gregory to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  8/17/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**